


ORDERED in the Southern District of Florida on March 12, 2014.

**Laurel M. Isicoff, Judge**
**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:                                                                 CASE NO: 13-28701-LMI
                                                                       CHAPTER 13
SANDY GONZALEZ
aka Sandy Gonzalez Rodriguez,

     Debtor
_____/

**AGREED ORDER GRANTING MOTION TO VALUE AND**
**DETERMINE SECURED STATUS OF LIEN ON REAL**
**PROPERTY HELD BY BAYVIEW LOAN SERVICING, LLC**

**THIS CASE** is before the Court for consideration of the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (Doc 36) (the "Motion"). The Court, being advised that the parties have agreed to the terms of this order, having considered the record in this case, and being duly advised in the premises, FINDS as follows:

    A.    The value of the debtor's real property (the "Real Property") located at 1035 NW 123 St, North Miami, FL 33168, and more particularly described as:

**THE WEST 18 FEET OF LOT 21 AND LOT 20, LESS THE WEST 9 FEET, BLOCK 5, OF SUNKIST GROVE, ACCORDING TO THE PLAT THEREOF,**

**AS RECORDED IN PLAT BOOK 8, AT PAGE 49, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.**

is $74,000.00 at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of Bayview Loan Servicing, LLC ("Bayview") is $0.00.

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Bayview is $74,000.00 and Bayview has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Bayview has an allowed secured claim in the amount of $74,000.00.

3. Bayview filed a proof of claim in this case (Claim No. 5). It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $142,074.21, regardless of the original classification in the proof of claim as filed.

4. Bayview's allowed secured claim shall be paid, with interest at 5.25% over 85 months. The monthly payment for months 1 through 84 shall be $1,044.23 and a final payment of $1,057.00 shall be due in month 85 (September, 2020).

5. Debtor shall be liable for payment of taxes and insurance on the Property. Within fifteen (15) days of a written request by Bayview, or its successor, Debtor shall provide proof of insurance as required by the loan documents.

6. While the automatic stay remains in effect, Debtor shall be in default under the Plan if she fails to make a Plan payment when due, if there is a lapse in insurance, if the real estate taxes on the property are not paid by the March 31st due date, or there is a default under the unmodified terms of the Note or Mortgage and she fails to cure such default within seventy-two (72) hours after

Bayview, or its successor (or their attorney) provides Debtor, Debtor's counsel or an agent of Debtor's counsel with telephonic, facsimile or e-mail Notice of Default. In such event, the Court shall grant Bayview, or its successor *in rem* relief from stay to exercise its rights with respect to the collateral without notice or hearing provided Bayview, or its successor files a proposed order together with an affidavit setting forth specific facts establishing that: (a) a default occurred; (b) Bayview, or its successor (or their attorney) provided Debtor, Debtor's counsel or an agent of Debtor's counsel with seventy-two (72) hour Notice of Default; and (c) Debtor failed to cure the default within the seventy-two (72) hour period. In any stay relief order entered pursuant hereto, the 14-day stay of bankruptcy Rule 4001(a)(3) shall not apply and Bayview, or its successor may proceed immediately to enforce its rights against the property. If Debtor defaults after the automatic stay is no longer in effect, the default provisions of the Note and Mortgage shall apply.

7. Upon entry of an order lifting the stay as provided above, or upon default after the stay has otherwise lifted, the modification of the loan shall cease to apply and all payments made under the Plan shall be credited against the original loan as though no modification had occurred.

8. Should stay relief be granted as provided above, the 14-day stay of Rule 4001(a)(3) shall not apply.

9. Except as modified above, all other terms of the Note and Mortgage shall remain in full force and effect.

10. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

11. Notwithstanding the foregoing, this Order is not recordable or enforceable until the Debtor receives a discharge under §1328(a) in this chapter 13 case. If the Debtor fails to complete her chapter 13 plan and receive a discharge under §1328(a), or if this case should get dismissed or

converted to chapter 7, then this order shall have no preclusive effect as to the value of the Property.

###

**Order submitted by:**

Ricardo Corona, Esq., 3899 NW 7 Street, 2nd Floor, Miami, FL 33126
(305) 266-1150 bk@coronapa.com

Attorney Corona is directed to serve a copy of this order on all interested parties not receiving electronic notice and to file a certificate of service.